## Case No. 3,670.
### DAWSON v. FOLLEN.
[2 Wash. C. C. 311;[1] 1 Robb Pat. Cas. 9.]
Circuit Court, D. Pennsylvania. Oct. Term, 1808.

ACTION FOR INFRINGEMENT OF PATENT—ORIGINAL INVENTION—ANTICIPATION.

1. In an action for a violation of a patent granted by the United States for an alleged original invention, the plaintiff must satisfy the jury that he was the original inventor, in relation to every part of the world.
[Cited in Whitney v. Emmett, Case No. 17,585.]

2. Although no proof was made that the patentee knew that the discovery had been made prior to his, still he could not recover, if, in fact, he was not the original inventor.
[Cited in Sewall v. Jones, 91 U. S. 180.]

The action was brought for a violation of the plaintiff's patent right for making suspenders [granted to him (J. Dawson) November 6, 1806.] The case was fully proved on the part of the plaintiff. But the defendant introduced a number of witnesses, who proved in the most positive manner, that suspenders, precisely similar to the plaintiff's, had been used in England and France, before the plaintiff pretended to have made the discovery, and still longer before his patent issued. Some evidence was given, that the plaintiff had in his possession one of those suspenders, before he obtained his patent, and of course knew that they had been invented in Europe. The question was left to the jury, under the charge of the court.

WASHINGTON, Circuit Justice (PETERS, District Judge, absent), informed the jury, that to entitle the plaintiff to recover, they must be satisfied that he was the original inventor, not only in relation to the United States, but to other parts of the world; in which respect, the act of congress differed from the law of England on this subject. That even if there were no proof that the plaintiff was acquainted with the circumstance, that the discovery had before been made, still he could not recover, if in truth he was not the original inventor. Upon the evidence, the charge was strongly against the plaintiff. Verdict for defendant.

DAWSON (MERRILL v.). See Case No. 9,469.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]